**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| U.S. Bank, N.A., | ) | No. CV-10-330-PHX-DGC |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Gary Heath; and Julie Heath, | ) | |
| Defendants. | ) | |

Plaintiff U.S. Bank purchased property located in Goodyear, Arizona at a trustee's sale held in October 2009.  On January 29, 2010, Plaintiff brought a forcible detainer action in Arizona state court against the occupants of the property, Defendants Gary and Julie Heath.  Defendants removed the action to this Court on February 16, 2010.  Dkt. #1.

Plaintiff has filed a motion to remand.  Dkt. #6.  Plaintiff also requests an award of attorneys' fees and costs incurred as a result of the removal.  *Id.*  No response has been filed.  For reasons that follow, the Court will grant the motion to remand and deny the request for fees and costs.[1]

**I.     The Motion to Remand.**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Pursuant to federal statutes, this Court has subject matter

---

[1]The request for oral argument is denied because it will not aid the Court's decision.  *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

jurisdiction over a case only if it arises under federal law or the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a). Plaintiff seeks remand on the ground that neither federal question nor diversity jurisdiction exists. Dkt. #6 at 2-5.

### A. Federal Question Jurisdiction.

Plaintiff's forcible detainer action does not arise under federal law. *See* Dkt. #1-1 at 4-12. Plaintiff requests immediate possession – an issue arising solely under Arizona law. *See* A.R.S. § 12-1173.01. "By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States[.]" *Gully v. First National Bank*, 299 U.S. 109, 116 (1936).

Defendants' purported federal defenses and counterclaims cannot form the basis for removal jurisdiction. It is well established that federal question jurisdiction exists only where the "*complaint* establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis added); *See ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000) (a defense based on federal law is an insufficient basis for federal question jurisdiction); *see also Myung v. Wash. Mut. Bank*, No. CV 09-7581 PA (JCx), 2009 WL 4123467, at *2-3 (C.D. Cal. Nov. 23, 2009) (finding no substantial federal question where state claims were based in part on alleged violations of TILA and RESPA).

In summary, because Plaintiff's claim for forcible detainer is a state-law cause of action and does not depend on resolution of any substantial issue of federal law, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331.

### B. Diversity Jurisdiction.

Diversity jurisdiction does not exist under 28 U.S.C. § 1332. Because the sole issue raised by the forcible detainer complaint is the right of possession, not title, *see* A.R.S. § 12-1177(A), there is no dollar amount in controversy. *See* A.R.S. § 12-1173.01; *First Horizon Home Loan v. Medley*, No. CIV 08-2158-PHX-DKD, 2009 WL 2905719, at *2 (D. Ariz. Sept. 9, 2009); *see also JPMorgan Chase Bank, N.A. v. Coleman*, No. G-06-688, 2007 WL

655629, at *2 (S.D. Tex. Feb. 27, 2007).

Moreover, where no federal question is raised on the face of the complaint, an action is removable only if no defendant "is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). Removal of this case was improper because Defendants are identified as "citizens of the State of Arizona" in their own notice of removal. Dkt. #1 at 1; *see Medley*, 2009 WL 2905719, at *2.

### C. Remand Summary.

Courts strictly construe the removal statute, 28 U.S.C. § 1441, against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. This strong presumption "against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. Defendants have not met their burden in this case. The Court therefore will grant the motion to remand.

## II. The Request for Fees and Costs.

Plaintiff seeks an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447. Dkt. #6 at 5. That statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The determination to award fees and costs under § 1447(c) is within the discretion of the district court. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).

The Court agrees with Plaintiff that removal of this action was not warranted by fact or law. Given Defendants' pro se status, however, the Court will exercise its discretion and deny the request for fees and costs.

**IT IS ORDERED:**

1.     Plaintiff U.S. Bank, N.A.'s motion to remand (Dkt. #6) is **granted**.

2.     The Clerk is directed to **remand** this case to state court.

3.      The request for attorneys' fees and costs is **denied**.

DATED this 26th day of March, 2010.

_David G. Campbell_ (signature)

_____
David G. Campbell
United States District Judge